UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOLLBROOK WEST, LLC,

       Plaintiff,                                Case No. 20-11939

vs.                                                      HON. MARK A. GOLDSMITH

CITY OF TROY,

       Defendant.
_____/

**OPINION & ORDER**
**(1) GRANTING THE MOTION TO REMAND BY TOLLBROOK WEST, LLC (Dkt. 5)**
**AND (2) DENYING THE CITY OF TROY'S MOTION TO DISMISS (Dkt. 4) WITHOUT**
**PREJUDICE**

      Plaintiff Tollbrook West, LLC initiated this action in the Oakland County Circuit Court against Defendant the City of Troy in connection with a zoning dispute. The first count of the complaint alleges that Troy's land use restriction as applicable to Tollbrook West's property constitutes a taking without compensation in violation of the Michigan Constitution of 1963, Art. 10, Section 2. Compl. ¶ 28 (Dkt. 1-2). The second count alleges that Troy's zoning deprives Tollbrook West of its substantive due process rights. Compl. ¶ 38. The second count does not expressly state whether the alleged violation is of the Michigan or United States Constitution, or both. See id.

      Troy removed this case, citing federal question jurisdiction (Dkt. 1). Soon thereafter, it filed a motion to dismiss (Dkt. 4). Tollbrook West then filed a motion to remand (Dkt. 5), arguing that this case does not present a federal question. Tollbrook West is correct.

      "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Troy offers a strained reading of Caterpillar to argue that a federal claim is presented "on the face of the plaintiff's well-pleaded complaint" if the complaint pleads a claim that might be brought under federal law, but does not specify whether it in fact is. Resp. at 7-9 (Dkt. 10). But Caterpillar holds nothing of the sort. Subject to the exceptional circumstance of complete preemption—an issue irrelevant to this case—Caterpillar affirms that the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." 482 U.S. at 392.

"All doubts as to the propriety of removal are resolved in favor of remand." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). Removal jurisdiction is not conferred by the fact that a complaint includes phrases such as "due process" and "equal protection" without explicitly stating whether the source of the protections is the United States Constitution or the constitution of a state. See Rosello-Gonzales v. Calderon-Serra, 398 F.3d 1, 10-11 (1st Cir. 2004). That is particularly so where, as here, the portion of the complaint that is not ambiguous exclusively relies on state law. See id. at 11; see also Compl. ¶ 28 (bringing Count I under Michigan law).

Furthermore, a plaintiff who has made an ambiguous reference to a constitutional right may offer clarification in a motion to remand. See Fields v. District of Columbia, 155 F. Supp. 3d 9, 12 (D.D.C. 2016). Tollbrook West has done so here by clarifying that Count II is brought only under the Michigan Constitution. See Mot. ¶ 3.b, 5. Whatever ambiguity there may have been as to Count II has now been resolved.

Troy also argues that it "properly removed this case to this Court based on the doctrine of res judicata," a defense it intends to offer based on a previous ruling of this Court. Resp. at 14

2

(referencing Tollbrook, LLC v. City of Troy, No. 17-CV-11417, 2018 WL 339900 (E.D. Mich. Jan. 9, 2018), aff'd, 774 F. App'x 929 (6th Cir. 2019)).  However, claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal.  Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 478 (1998).

      Because Tollbrook West has exclusively brought state law claims, this Court has no federal question jurisdiction or any other basis for jurisdiction.  Tollbrook West's motion to remand is granted.  Troy's motion to dismiss is denied without prejudice as moot.  This case is remanded to the Oakland County Circuit Court.

      SO ORDERED.

Dated:  March 5, 2021                                                    s/Mark A. Goldsmith
   Detroit, Michigan                                                MARK A. GOLDSMITH
                                                                         United States District Judge